UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ANGELA NAILS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 4:15-CV-638-JAR |
| AAA AUTO INSURANCE, et al., | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Angela Nails' Motion to Reconsider the Court's May 1, 2015 Order dismissing the action for lack of subject matter jurisdiction. (Doc. No. 7) For the following reasons, the motion will be denied.

**Background**

Plaintiff, proceeding pro se, filed this action against Defendant AAA Auto Insurance alleging that AAA refused to pay her damages and medical bills resulting from a car accident in February 2015. (Compl., Doc. No. 1) Because it was not apparent from the pleadings that diversity jurisdiction existed between the parties, the Court directed Plaintiff to show cause why her action should not be dismissed for lack of jurisdiction. (Doc. No. 4) After reviewing Plaintiff's response (Doc. No. 5), the Court dismissed the case without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction. (Doc. No. 6) Plaintiff now urges the Court to reconsider this Order.

**Motion to reconsider**

Where a motion to reconsider is made in response to a final order, the Eighth Circuit has instructed district courts to construe it as a motion under Rule 59(e) of the Federal Rules of Civil

Procedure. Schoffstall v. Henderson, 223 F.3d 818, 827 (8th Cir .2000). Rule 59(e) motions serve a "limited function of correcting manifest errors of law or fact or to present newly discovered evidence." Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir.1998) (internal quotations omitted). Rule 59(e) does not afford an opportunity to present evidence or legal argument that could have been offered prior to entry of judgment. See Freeman v. Busch, 349 F.3d 582, 589 (8th Cir.2003). The Court has "broad discretion in determining whether to open a judgment pursuant to a Rule 59(e) motion." Roudybush v. Zabel, 813 F.2d 173, 178 (8th Cir.1987).

As explained in its May 1, 2015 Order, Plaintiff's complaint failed to plead or establish complete diversity of citizenship under 28 U.S.C. § 1332. Under Rule 12(h)(3), the Court must dismiss any action over which it determines that it lacks subject matter jurisdiction. Plaintiff provides no explanation in her motion for reconsideration as to how her complaint "is within the Jurisdiction, Subject Matter Jurisdiction and limit of damages." Furthermore, Plaintiff does not claim the Court committed a "manifest error of law or fact" in dismissing the case. For these reasons, Plaintiffs' motion to reconsider will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Angela Nails' Motion to Reconsider [7] is **DENIED**.

Dated this 29th day of July, 2015.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**